05    UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
06              AT SEATTLE

07 | LENNY R. SCHWARTZ,           ) CASE NO. C08-1577-MJP
                                  )
08 |     Plaintiff,               )
                                  )
09 |     v.                       ) ORDER AFFIRMING
                                  ) COMMISSIONER
10 | MICHAEL J. ASTRUE,           )
   | Commissioner of Social Security, )
11 |                              )
   |     Defendant.               )
12 | _____)

The Court has reviewed the entire record, including the Administrative Record, the memoranda of the parties, and the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler. It is therefore ORDERED:

(1) The Court adopts the Report and Recommendation.

(2) The Court finds that any error by the Administrative Law Judge ("ALJ") regarding Plaintiff's ability to work as a housekeeper/cleaner was harmless. This Court "will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation omitted). The ALJ found Plaintiff suited for work as a small parts

ORDER AFFIRMING COMMISSIONER
PAGE -1

01 assembler, which offers a "significant number" of jobs as required by 42 U.S.C.

02 § 423(d)(2)(A) (2006). (Dkt. No. 16 at 6-7.) Because the jobs available as a

03 housekeeper/cleaner were not necessary to the ALJ's conclusion, any related error

04 would not justify reversal. The Court does not reach the issue of whether the ALJ

05 actually erred in this respect.

06 (3) The Court agrees with Magistrate Judge Theiler's analysis that the residual

07 functional capacity assessment ("RFCA") accounted for limitations due to Plaintiff's

08 headaches. (Dkt. No. 16 at 10-11.) A reviewing court may "draw[] specific and

09 legitimate inferences from [an] ALJ's opinion." Magallenes v. Bowen, 881 F.2d 747,

10 755 (9th Cir. 1989). The Magistrate Judge relied on such inferences, and therefore did

11 not engage in an "improper post hoc rationalization." (Dkt. No. 17 at 3.)

12 (4) The Court finds that the ALJ's statement that "medication and treatment ha[ve]

13 successfully resolved [Plaintiff's] symptoms" is consistent with the RFCA. (AR 22.)

14 The statement is most reasonably understood as saying that Plaintiff's symptoms had

15 been resolved to the degree that they did not impose limitations beyond those included

16 in the RFCA. Plaintiff's interpretation would render the ALJ's decision utterly

17 incoherent. The Court declines to give it such a reading.

18 (5) The Court holds that the ALJ's classification of malingering as a medically

19 determinable impairment, if incorrect, was harmless. The inclusion of an additional

20 impairment would favor a disability claimant, so Plaintiff suffered no prejudice

21 regardless of any error. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055

22 (noting that a reviewing court may disregard nonprejudicial errors as harmless). The

01  Court also finds no indication that the precise medical categorization of malingering

02  affected the ALJ's ultimate disability determination.   Any classification mistake

03  therefore does not constitute reversible error.

04  (6)   The Court AFFIRMS the decision of the Commissioner.

05  (7)   The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

07  DATED this 17th day of July, 2009.

Marsha J. Pechman
United States District Judge